```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                        :
RONALD DAVID KEEFE,                     :   CIVIL ACTION NO. 06-2843 (MLC)
                                        :
     Plaintiff,                         :   MEMORANDUM OPINION
                                        :
     v.                                 :
                                        :
JOHN CORZINE, t/n JON CORZINE,          :
et al.,                                 :
                                        :
     Defendants.                        :
                                        :
```

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application") in this action brought against (1) the governor, public advocate, attorney general, and various commissioners serving the state of New Jersey, and (2) "all members of present [United States] Senate." (Compl., at 1.) The Court will address the Application. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

## THE APPLICATION

Keefe (1) states that he is "unable to pay the costs of these proceedings" and has "been declared indigent" by a state court, and (2) annexes a state court order, dated April 13, 2006, granting him leave to file papers without prepayment of fees. (App.; id., Ex. A.)

Keefe fails to state if he anticipates receiving money, or if he has (1) savings or anything of value, (2) received money — and if so, the source and amount — in the past 12 months, or (3) received in the past 12 months any pensions, annuities, insurance payments, disability or workers compensation payments, or gifts

or inheritances.  He also fails to state (1) when he was last employed and his monthly salary, and why he is unemployed now, (2) if he has any dependents, or (3) how he pays his expenses.  Thus, his application is incomplete, and inclusion of the state court order does not fill these gaps.

The Court will deny the Application because the plaintiff fails to show entitlement to in-forma-pauperis relief.  See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003).  It is the plaintiff's burden to "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for in forma pauperis status."  Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (dismissing appeal from order denying in-forma-pauperis application, as appellant "despite being informed of . . . deficiency, . . . took no action to rectify it").  If the plaintiff applies again for in-forma-pauperis relief, he should state whether he (1) anticipates receiving money, (2) has savings or anything of value, (3) has received money — and if so, the source and amount — in the past 12 months, (4) has received in the past 12 months any pensions, annuities, insurance payments, disability or workers compensation payments, or gifts or inheritances.  He must also state (1) when he was last employed and his monthly salary, and why he is unemployed now, (2) if he has any dependents, and (3) how he pays his expenses.

2

**COMPLAINT**

The Court may (1) review the complaint, and (2) direct <u>sua sponte</u> that it not be filed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A frivolous complaint lacks an arguable basis in law or fact, as it contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 328 (1989).

A <u>pro se</u> complaint must be construed liberally.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  But a court need not credit a plaintiff's bald assertions or legal conclusions.  <u>Id.</u>

Keefe, in the handwritten complaint, alleges that state and federal officials are "controllers" of controlled dangerous substances.  (Compl., at 3.)  He alleges:

> 'IF' it was a controlled substance, controller has to be held responsible and liable for plaintiff being detained for being in a so called CDS zone to purchase a CDS alleged.
> 'IF' it was a controlled substance being purchased, the only way plaintiff could have purchased a CDS is through the controller.  Controllers says [sic] we have made laws to control CDS's and have not so since 1953 when CDS laws started being inforced [sic] by the Eisonhower [sic] administration.  Controllers have done nothing more then

3

> [sic] to create wrongs to wrongly impose a false will and penalize the people. These acts are nothing more to impose penalties so [those] operating these CDS laws get paid. This must and has to be perceived as racketeering #470 of the penal code due to the longevity of these wrongs.
>
> It was only 11 years on alcohol. This means our forefathers had alot [sic] more sense back then? It (alcohol) could not be beaten. So, our fathers legalized alcohol, bringing revenue to the state. Not the so called controllers at the cost of the people (plaintiffs).
>
> My opinion to legalize;
>
> Computor [sic] age is here. A fee will be charged to register for a CDS. It will be photo I.D. with thumb print or hand print. Upon going to a pharmacy (or whatever) your card will be inserted into a computor [sic], hooked up to a main computor [sic], [and] will tell pharmacist if cardholder is eligible [sic]. Being eligible [sic] by the means of rationing. Or, by ways the state or nation feels how a controlled dangerous substance (?) should be allowed to be used. <u>FREEDOM</u> is more important than monetary gain. I demand <u>FREEDOM</u> for all subjects to this wrong, or $350,000,000 million dollars as compensation.
>
> . . . .
>
> Plaintiff's 6th, 8th, 9th, and 14th Amendment rights were violated by controller allowing cocaine and other illegal drugs to be brought and then bought in this republic and thus the state of New Jersey and 49 other states, causing all CDS's to be easily obtained and then used. Also sold.
>
> Due to plaintiff's position in life, our system has been construded [sic] for all to believe that this created wrong will be most beneficial ($) and it is not.
>
> Plaintiff's privilege to purchase, use or sell all controlled dangerous substances or other drugs of his choice was abridged and taken away by the republic and by the states, in direct violation of Section 1 of the 14th Amendment.

(<u>Id.</u> at 3-5.) He also lists the names of six other people "falsely subjected to these wrongs imposed." (<u>Id.</u> at 5.) He seeks the following relief:

4

> $350,000,000 in punitive damages, legalization and all
> release after being imposed upon by this wrong.  All to
> be compensated in some way for this wrong, thus
> $350,000,000 being for.

(Id.)

The plaintiff thus appears to seek: (1) "legalization" — and implementation of a distribution system — of all controlled substances ("First Claim"); (2) damages for being deprived of his "privilege to purchase, use or sell all controlled dangerous substances or other drugs of his choice" ("Second Claim"); (3) damages for the government's "racketeering" conduct in "allowing" controlled substances to be available, and then enforcing laws concerning them in order to "get paid" ("Third Claim"); and, (4) assorted relief on behalf of others ("Fourth Claim").

**COMPLAINT WILL NOT BE FILED**

**I.   First Claim and Second Claim**

The government, as "[a] large interstate market exists for illegal drugs, . . . has the power to regulate that market just as it has the power to regulate food and drugs in general." United States v. Orozco, 98 F.3d 105, 107 (3d Cir. 1996).  "[C]riminal laws prohibiting the manufacture and distribution of controlled substances are a proper exercise of Congressional authority under the Commerce Clause."  United States v. Handschu, No. 01-359, 2001 WL 641078, at *6 (D. Del. June 1, 2001); see Kuromiya v. United States, 37 F.Supp.2d 717, 723 (E.D. Pa. 1999) (stating same, as

5

drug trafficking has "inherently commercial and interstate nature"); see also U.S. Const., art. I, § 8, cl. 3.  Furthermore, there is nothing unlawful concerning the passage or enforcement of laws creating drug-free zones.  See Orozco, 98 F.3d at 107.  Thus, the First Claim and Second Claim are without merit.

**II.  Third Claim**

A plaintiff bringing a claim to recover damages for racketeering must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004); see Beck v. Prupis, 529 U.S. 494, 505 (2000) (stating claim must involve act of racketeering or other unlawful act).  Contrary to the plaintiff's contentions, there is nothing unlawful or indicative of racketeering in enforcing the laws concerning controlled substances.  See Orozco, 98 F.3d at 107; Handschu, 2001 WL 641078, at *6; Kuromiya, 37 F.Supp.2d at 723.  Also, the plaintiff's "perceived awareness of corruption and fraud" in the enforcement of those laws "is not a sufficient injury in fact."  Hill v. Nassberg, 166 Fed.Appx. 608, 610 (3d Cir. 2006).  Thus, the Third Claim is without merit.

**III. Fourth Claim**

The plaintiff lacks standing to pursue claims on behalf of the other individuals named.  See Jones v. Reg'l Office, 182 Fed.Appx. 135, 135 (3d Cir. 2006) (dismissing appeal in action brought by plaintiff prisoner for another prisoner, as plaintiff

6

not suffering injury in fact).  Thus, the Fourth Claim is without merit.[1]

**IV. All Claims**

All of the claims to the extent they are asserted against United States Senators and Congressmen are barred by absolute immunity.  See U.S. Const., art. I, § 6, cl. 1; Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 501-03 (1975).  Also, all of the claims when viewed in their totality are "delusional, irrational, [and] wholly incredible."  Hines v. United States, 166 Fed.Appx. 610, 611 (3d Cir. 2006) (dismissing as frivolous an appeal from order dismissing complaint wherein plaintiff claimed government

---

[1] The plaintiff alleges that only his "right" to buy and sell controlled substances was violated when he was "detained."  He does not claim that any other right was violated thereby.  If the plaintiff had claimed that an additional violation had been committed during the detention, and if the detention led to either criminal charges or a conviction, then the Court could be barred from addressing the claim.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (stating claim under 42 U.S.C. § 1983 to be dismissed if judgment for plaintiff would imply invalidity of conviction or sentence); Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (stating if judgment for plaintiff would imply invalidity of conviction, then claim barred until conviction overturned), cert. denied, 126 S.Ct. 1571 (2006); see also Younger v. Harris, 401 U.S. 37, 43-45 (1971) (stating federal court may not interfere with pending state criminal matter); 28 U.S.C. §§ 2254 & 2255 (concerning procedures for seeking relief from state and federal convictions); Fed.R.App.P. 3-5 & 8-11 (concerning procedure for raising argument on appeal from federal judgment of conviction); see also Bradley v. United States, 299 F.3d 197, 200 (3d Cir. 2002) (discussing requirements for claim brought against federal official under Bivens v. Six Unknown Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971)).

7

tortured him); see Caesar v. Megamillion Biggame Lottery, 193 Fed.Appx. 119, 120-21 (3d Cir. 2006) (affirming judgment dismissing complaint wherein plaintiff alleged "vast" and "complicat[ed]" conspiracy to steal winning lottery tickets), cert. denied, 75 U.S.L.W. 3286 (Jan. 22, 2007).

## CONCLUSION

The Court will (1) deny the Application, and (2) direct the Clerk of the Court to not file the complaint, as it is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The plaintiff, if he moves for reconsideration, must address all of the Court's concerns in an amended Application and an amended complaint.  The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge